UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

Case No. 2:12-cv-00560-RMG

FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for FIRST NATIONAL BANK,

Plaintiff,

vs.

622 OLD TROLLEY ROAD, LLC, a South Carolina Limited Liability Company, CHARLES K. WERK, Individual Guarantor, GLENN A. KIRBO, Mortgagee, OLD TROLLEY ROAD BUSINESS CENTER OWNERS ASSOCIATION, INC. a/k/a OLD TROLLEY ROAD BUSINESS CENTER OWNERS ASSOCIATION, a South Carolina Non-profit Corporation, GOLDEN PATH MARTIAL ARTS, LLC, Unit 108 tenant, ARCHER EXTERIORS, INC., Unit 128 tenant, TERRY S. GORE d/b/a CLASSICAL BALLET CENTRE, Unit 130 tenant, RICHARSON & MURRAY ENTERPRISES, LLC d/b/a PRESTIGE POOLS, Unit 132 tenant, DELK PLUMBING, INC., and OLD TROLLEY II, LLC, a South Carolina Limited Liability Company,

Defendants.

**FORECLOSURE COMPLAINT**

(Deficiency Judgment Demanded)
(Nonjury)

**COMES NOW**, the Plaintiff, Federal Deposit Insurance Corporation, as Receiver (hereinafter FDIC-R) for First National Bank (hereinafter FNB), by and through its undersigned counsel, and files this Foreclosure Complaint, thus hereby suing Defendants, 622 Old Trolley Road, LLC, a South Carolina limited liability company, Charles K. Werk, individual Guarantor, Glenn A. Kirbo, Mortgagee, Old Trolley Road Business Center Owners Association, Inc. a/k/a Old Trolley Road Business Center Owners Association, a South Carolina non-profit corporation, Golden Path Martial Arts, LLC, Tenant Unit 108, Archer Exteriors, Inc., Tenant Unit 128, Terry S. Gore d/b/a Classical Ballet Centre, Tenant Unit 130, Richardson & Murray Enterprises, LLC d/b/a Prestige Pools, Tenant Unit 132, Delk Plumbing, Inc., and Old Trolley II, LLC, Assignee of Development Rights, and alleges:

## JURISDICTION AND VENUE

1. The real property, the subject of the mortgage foreclosure action, is located in Dorchester County, South Carolina, at 622 Old Trolley Road, Summerville, South Carolina 29483, Units 106, 108, 110, 112, 114, 116, 118, 120, 124, 128, 130, 132, and 134 at Irongate Business Center, 2.37 acres as set forth in the plat prepared by Trico Engineering Surveying, Inc., dated March 27, 1984, and as recorded in the Office of the Register of Deeds for Dorchester County, South Carolina, in Plat Book E at Page 12 on March 29, 1984, (hereinafter the "Property").
2. Defendant 622 Old Trolley Road, LLC (hereinafter "622"), Borrower/Mortgagor, is located in Charleston County, South Carolina, at 59 Sanibel Street, Mount Pleasant, SC 29464-7605.

3. Defendant Charles K. Werk (hereinafter "Werk"), Guarantor, resides in Charleston County, South Carolina, and may be served with process at 59 Sanibel Street, Mount Pleasant, SC 29464-7605.
4. Defendant Glenn A. Kirbo (hereinafter "Kirbo"), Mortgagee, may have a subordinate interest in the Property based on a mortgage lien dated November 17, 2008, and recorded on November 19, 2008, in Book 6863 and Page 293 in the Office of the Register of Deeds for Dorchester County, South Carolina. Kirbo resides in Dougherty County, Georgia, and may be served with process at 2405 Westgate Drive, Albany, GA 31707.
5. Defendant Old Trolley Road Business Center Owners Association, Inc. a/k/a Old Trolley Road Business Owners Association (hereinafter "HOA"), a South Carolina not-for profit corporation, condominium owners association, is located in Charleston County, South Carolina, at 53 Broad Street, Charleston, SC 29401 and its registered agent, John E. Romanosky, Jr., may be served at this address.
6. Defendant Golden Path Martial Arts, LLC ("Tenant Unit 108"), is a South Carolina limited liability company located in Charleston County, South Carolina, at 5600 Dorchester Road, Apt. 1106, North Charleston, SC 29418, and is named a party Defendant herein because of its leasehold interest in Unit 108 in the Property. Tenant Unit 108's registered agent, Rebekah A. Watson, may be served at its office address.
7. Defendant Archer Exteriors, Inc. ("Tenant Unit 128"), is a New Jersey corporation with an office located in Dorchester County, South Carolina, at 622 Old Trolley Road, Unit 128, Summerville, SC 29483, and is named a party Defendant herein because of its leasehold interest in the Property. Tenant Unit 128's registered agent, Lester W. Young, may be served at its office address.

8. Defendant Terry S. Gore d/b/a Classical Ballet Centre (collectively "Tenant Unit 130"), is an individual with her business located in Dorchester County, South Carolina, at 622 Old Trolley Road, Unit 130, Summerville, SC 29483, and is named a party Defendant herein because of her leasehold interest in Unit 130 in the Property. Ms. Gore may be served at 104 Parish Park Drive, Summerville, SC 29485.

9. Defendant Richardson & Murray Enterprises, LLC d/b/a Prestige Pools ("Tenant Unit 132"), is a South Carolina limited liability company located in Dorchester County, South Carolina, at 622 Old Trolley Road, Unit 132, Summerville, SC 29483, and is named a party Defendant herein because of its leasehold interest in Unit 132 in the Property. Elliott L. Murray, registered agent for Tenant Unit 132, may be served at 203 Towhee Drive, Summerville, SC 29485.

10. Defendant Delk Plumbing, Inc. (hereinafter "Delk") may have a subordinate interest in the Property based on a mechanic's lien dated November 11, 2008, and recorded on November 17, 2008, in Book 17 and Page 141 with the Dorchester County Register of Deeds. Delk is located in Dorchester County, South Carolina at 10562 Dorchester Road, Summerville, SC 29485 and its registered agent, Terry W. Delk, may be served at Delk's office address.

11. Defendant Old Trolley II, LLC, a South Carolina limited liability company (hereinafter "Assignee"), may have a subordinate interest in the Property based on an Assignment of Development Rights dated November 29, 2007, and recorded on December 21, 2007, in Book 6413 and Page 116 with the Dorchester County Register of Deeds. Assignee is located in Charleston County, South Carolina, at 53 Broad Street, Charleston, SC 29401

and its registered agent, John E. Romanosky, Jr., may be served at Assignee's office address.

12. Pursuant to 12 U.S.C. ¶ 1819(b)(2); this action is between FDIC -R, and all Defendants, and arises under the laws of the United States. Therefore, jurisdiction is proper in the United States District Court, District of South Carolina.

13. The Property is located in Dorchester County, South Carolina and four of the Defendants are located in Dorchester County. Four of the Defendants are located in Charleston County. Defendant Kirbo is a resident of Dougherty County Georgia and subjected himself to the jurisdiction and venue of this court by virtue of loaning money to 622 on the Property as a second mortgage. Therefore, the proper venue for this action is Dorchester County, South Carolina.

**COUNT I – MORTGAGE FORECLOSURE**

14. This is an action to foreclose a mortgage on real property located in Dorchester County, South Carolina, which is known and described as follows:

All that certain piece parcel or lot of land, together with any buildings and improvements thereon, situate, lying and being in the County of Dorchester, State of South Carolina, being known and designated as 2.37 acres, more or less, as shown and delineated on that certain plat entitled "PLAT OF 2.37 ACRES PROPERTY OF QUAIL ARBOR ESTATE CORP. CERTIFIED IN FAVOR OF SOUTH SHORE PROPERTIES, FOR SUNRISE INSURANCE CORPORATION, NEAR SUMMERVILLE, DORCHESTER COUNTY, S.C." prepared by Trico Engineering Surveying, Inc. of Summerville dated March 27, 1984, and recorded in the office for the RMC for Dorchester County in Plat Book E at page 12 on March 29, 1984, and additionally the property as described in that certain Master Deed dated January 10, 2007, and recorded on January 26, 2007, in Book 5824 at page 207, and its Exhibits and Amendments thereto, including the "Future Development" area reserved pursuant to Exhibit C to the Master Deed. For a more complete description of said lot, reference may be had to the aforementioned plat and Master Deed and Exhibits and Amendments thereto, which is incorporated herein and made part and parcel hereof.

STREET ADDRESS NO.: 622 OLD TROLLEY ROAD, SUMMERVILLE, SC 29483
TAX MAP NO. 153-03-03-016

SPECIFIC UNITS SET FORTH AS:

All those certain Apartment Units known as 106, 108, 110, 112, 114, 116, 118, 120, 124, 128, 130, 132 and 134 Old Trolley Road Business Center Horizontal Property Regime, a horizontal property regime established by the Grantor pursuant to the South Carolina Horizontal Property Act, Section 27-31-10., et seq., South Carolina Code of Laws, as amended, by that certain Master Deed dated January 10, 2007, and recorded on January 26, 2007, in Book 5824 at page 207. Said Units having such location, size, shape, metes, bounds, buttings and dimensions as shown in the Master Deed and its Exhibits.

Also, all of the rights, privileges and common elements appertaining to the above described units as set forth in the Master Deed and By-Laws of Old Trolley Road Business Center Horizontal Property Regime and Amendments to the Master Deed, if any.

BEING a portion of the property conveyed to 622 Old Trolley Road, LLC, by deed of Francis E. Clark dated April 3, 2006, and recorded on April 17, 2006, in Book 5308 at Page 37 in the RMC office for Dorchester County.

STREET ADDRESS NO.: UNIT 106, 622 OLD TROLLEY ROAD
SUMMERVILLE, SC 29483
TAX MAP NO. 153-03-03-021

STREET ADDRESS NO.: UNIT 108, 622 OLD TROLLEY ROAD
SUMMERVILLE, SC 29483
TAX MAP NO. 153-03-03-022

STREET ADDRESS NO.: UNIT 110, 622 OLD TROLLEY ROAD
SUMMERVILLE, SC 29483
TAX MAP NO. 153-03-03-023

STREET ADDRESS NO.: UNIT 112, 622 OLD TROLLEY ROAD
SUMMERVILLE, SC 29483
TAX MAP NO. 153-03-03-024

STREET ADDRESS NO.: UNIT 114, 622 OLD TROLLEY ROAD
SUMMERVILLE, SC 29483
TAX MAP NO. 153-03-03-025

STREET ADDRESS NO.: UNIT 116, 622 OLD TROLLEY ROAD
SUMMERVILLE, SC 29483
TAX MAP NO. 153-03-03-026

STREET ADDRESS NO.: UNIT 118, 622 OLD TROLLEY ROAD
SUMMERVILLE, SC 29483
TAX MAP NO. 153-03-03-027

STREET ADDRESS NO.: UNIT 120, 622 OLD TROLLEY ROAD
SUMMERVILLE, SC 29483
TAX MAP NO. 153-03-03-028

STREET ADDRESS NO.: UNIT 124, 622 OLD TROLLEY ROAD
SUMMERVILLE, SC 29483
TAX MAP NO. 153-03-03-030

STREET ADDRESS NO.: UNIT 128, 622 OLD TROLLEY ROAD
SUMMERVILLE, SC 29483
TAX MAP NO. 153-03-03-032

STREET ADDRESS NO.: UNIT 130, 622 OLD TROLLEY ROAD
SUMMERVILLE, SC 29483
TAX MAP NO. 153-03-03-033

STREET ADDRESS NO.: UNIT 132, 622 OLD TROLLEY ROAD
SUMMERVILLE, SC 29483
TAX MAP NO. 153-03-03-034

STREET ADDRESS NO.: UNIT 134, 622 OLD TROLLEY ROAD
SUMMERVILLE, SC 29483
TAX MAP NO. 153-03-03-035

15. FDIC -R, succeeds to all rights in interest once held by FNB.

16. THIS ACTION MAY BE SUBJECT TO THE FAIR DEBT COLLECTION PRACTICES ACT, AND THEREFORE A COPY OF THE NOTICE REQUIRED UNDER SAID STATUTE IS ATTACHED HERETO AS EXHIBIT "G."

17. The note, mortgage, and guaranty, with all modifications thereto, giving rise to the loan in this matter are not subject to modification under the Home Affordable Modification Program (HAMP); for the following reasons: (1) the promissory note giving rise to this matter is a commercial loan; and (2) the Property is not an owner occupied primary residence (Units 106, 108, 110, 112, 114, 116, 118, 120, 124, 128, 130, 132, and 134 are commercial units in a business park).

18. The note, mortgage, and guaranty, with all modifications thereto, giving rise to the loan in this matter are not subject to the requirements of South Carolina Supreme Court Order 2011-05-02-01 for the following reasons: (1) the promissory note giving rise to this matter is a commercial loan; and (2) the Property is not an owner occupied primary residence (Units 106, 108, 110, 112, 114, 116, 118, 120, 124, 128, 130, 132, and 134 are commercial units in a business park).

19. On or about February 25, 2008, for valuable consideration, Defendant 622 made, executed and delivered its written Commercial Note ("Note") to FNB in the original principal sum of One Million Eight Hundred Ninety-Two Thousand Dollars, and Zero Cents ($1,892,000.00), with interest as set forth in the Note. The Note had an initial maturity date of August 25, 2009. A true and correct copy of the Note is attached hereto and incorporated herein by reference as Exhibit A.

20. Defendant 622 executed a Mortgage contemporaneously with the Note in the amount of One Million Eight Hundred Ninety-Two Thousand Dollars, and Zero Cents

($1,892,000.00), thus securing repayment thereof in favor of FNB, which was recorded on March 5, 2008, in the Register of Deeds Office for Dorchester County, South Carolina in Book 6515 at Pages 118-127 (the "Mortgage"). A true and correct copy of the Mortgage is attached hereto and incorporated herein by reference as Exhibit B.

21. The Mortgage is a first priority mortgage lien on the subject property.

22. Defendant 622 executed a Commercial Security Agreement contemporaneously with the Note and Mortgage, secured by the Property ("Security Agreement"). A true and correct copy of the Security Agreement is attached hereto and incorporated herein by reference as Exhibit C.

23. Defendant 622 executed an Assignment of Leases and Rents contemporaneously with the Note, Mortgage and Security Agreement, which is recorded at Deed Book 6515, Page 128-136 in the Office of the Register of Deeds for Dorchester County, South Carolina ("Assignment of Rents"). A true and correct copy of the Assignment of Rents is attached hereto and incorporated herein by reference as Exhibit D.

24. On June 25, 2010, FNB was closed by the Office of the Comptroller of the Currency. Thereafter, FDIC -R was appointed as the receiver for FNB.

25. As a result of its appointment as Receiver, pursuant to 12 U.S.C. § 1821(d)(2)(A), FDIC - R has succeeded to all rights, titles, powers, and privileges of the insured depository institution, FNB, and of any stockholder, member, account holder, depositor, officer, or director of such institution with respect to the institution and the assets of the institution.

26. FDIC -R is now the real party in interest in this litigation by virtue of its appointment as Receiver for FNB.

27. The terms and conditions of the Note and Mortgage provide that in the event of default in the payment of any installment when due, or in the event of a default in any of the terms and conditions of the Note and Mortgage, the entire principal sum and accrued interest thereon, at the option of the holder thereof, the Plaintiff herein, shall become due and payable at once, and that the Plaintiff shall have the right to foreclose the Mortgage.
28. Any and all conditions precedent to the obligations of Defendant 622 have occurred.
29. All parties received all notices to which he/she/it/they is/are entitled. A true and correct copy of the demand letter to Defendants is attached hereto as Exhibit E.
30. The Note and Mortgage are in default, Defendant 622 has failed to make payments as provided thereunder, and the Plaintiff has elected to exercise its right under the Note and Mortgage to declare the entire amount due thereunder now due and payable, which is TWO MILLION THREE HUNDRED SEVENTY-THREE THOUSAND FOUR HUNDRED EIGHTY-FIVE AND 8/100THS DOLLARS ($2,373,485.08) as of February 13, 2012, plus interest thereafter as provided in the Note and Mortgage, together with the sum of any advances made, or to be made, by the Plaintiff for taxes, insurance premiums, title abstract fees, or any other purpose chargeable to the Mortgage, including but not limited to late charges, collection costs, and attorney's fees.
31. The Plaintiff, as the owner and holder of the Mortgage, has elected, in view of the default on the Mortgage, to foreclose upon its security, the Property of the Defendant 622 by selling same pursuant to law.
32. Should the Plaintiff incur any costs in connection with this foreclosure, it is informed and believes that the same should be included in any judgment amount found to be due to the Plaintiff.

33. The sale will be subject to Dorchester County ad valorem taxes.

34. Pursuant to the terms of the Note and Mortgage, should it become necessary for Plaintiff to advance payment of the ad valorem real property taxes to the Dorchester County Treasurer that any amounts so paid by Plaintiff, with interest thereon and attorney's fees, would become additional indebtedness secured by the Note and Mortgage.

35. Pursuant to the terms of the Note and Mortgage, Defendant 622 agreed to pay a late charge of 5% of any installment not paid more than fifteen (15) days after the date such installment became due with a minimum of $5.00 and a maximum of $1,000.00.

36. Defendant Werk executed an Unconditional Guaranty (the "Guaranty"), contemporaneously with the Note, in favor of FNB for all indebtedness of Defendant 622, and the amount of his liability under the Guaranty is unlimited. A true and correct copy of the Guaranty is attached hereto as Exhibit F incorporated herein by reference.

37. Pursuant to the terms of the Guaranty, Defendant Werk is liable to FDIC -R for all amounts owed to it by Defendant 622, including but not limited to collection costs and attorneys' fees, as previously described in this Complaint.

38. Defendant Werk failed to ensure Defendant 622 made its payments owed under the Note and Mortgage.

39. Defendants 622 and Werk have not cured their defaults under the Note and Mortgage. Defendants 622 and Werk have failed and refused to pay to FDIC -R the amounts referenced herein now justly due and owing to it pursuant to the Note and Mortgage.

40. The principal sum now due and payable on the said the Note and Mortgage is: ONE MILLION SIX HUNDRED SIXTY-TWO THOUSAND SEVEN HUNDRED THIRTY-SIX AND 87/100THS DOLLARS ($1,662,736.87) as of February 13, 2012, together

with accrued interest thereon in the amount of SIX HUNDRED SEVENTY-FIVE THOUSAND EIGHT HUNDRED SEVENTY-NINE AND 76/100THS DOLLARS ($675,879.76) through February 13, 2012, until paid at the rate of $739.00 per day (the interest rate at maturity is 16% per annum), late fees of $13,338.89, insurance fees of $20,329.56, other fees of $1,200.00, reasonable attorney's fees and the costs of this action.

41. The Plaintiff specifically demands that 622 surrender the Property as pledged to satisfy in whole or in part its indebtedness.

42. The Plaintiff specifically demands judgment against the Defendant 622, for the full amount found to be due Plaintiff on the Note and Mortgage, to be entered immediately, with the right to reduce same by the amount realized thereon from the proceeds of the sale pursuant to S.C. Code Ann. § 29-3-650. The Plaintiff reserves its right to waive deficiency judgment against Defendant 622.

43. Defendants Tenant Unit 108, Tenant Unit 128, Tenant Unit 130, and Tenant Unit 132 possess leasehold interests in the Property, but this foreclosure does not terminate those leasehold interests.

44. The hereinafter named Defendant(s) may have some interest in or lien upon the premises covered by the Mortgage set forth above, or some part thereof, but that such interest or liens are junior and subsequent to the lien of the Plaintiff's Mortgage or, if specified below, have been paid in full and either should be satisfied of record or the lien released from the subject real estate. Said liens or interest are or may be of record in the Office of the RMC or Clerk of Court of the aforesaid county and are described as follows:

A. Defendant Kirbo's, Mortgagee, mortgage lien dated November 17, 2008, and recorded on November 19, 2008, in Book 6863 and Page 293 in the Office of the Register of Deeds for Dorchester County, South Carolina.

B. Defendant HOA, a South Carolina not-for profit corporation, condominium owners association, that may have outstanding assessments against the Units.

C. Defendant Delk has a mechanic's lien dated November 11, 2008, and recorded on November 17, 2008, in Book 17 and Page 141 with the Dorchester County Register of Deeds.

D. Defendant Assignee's interest in the Property based on an Assignment of Development Rights dated November 29, 2007, and recorded on December 21, 2007, in Book 6413 and Page 116 with the Dorchester County Register of Deeds.

45. Defendants 622 and Werk have failed and refused to provide Plaintiff access to the books and records related to the Property and to the Property itself for the purposes of inspection and investigation, including for the purposes of appraisal and maintenance and repair examination.

46. Pursuant to Paragraph 12 of the Mortgage, FDIC-R was granted the following right:

> **Property Condition, Alterations and Inspection.** Mortgagor will keep the Property in good condition and make all repairs that are reasonably necessary. . . . Lender or Lender's agents may, at Lender's option, enter the Property at any reasonable time for the purpose of inspecting the Property. Any inspection of the Property shall be entirely for Lender's benefit and Mortgagor will in no way rely on Lender's inspection.

47. Pursuant to the Paragraph entitled **FINANCIAL INFORMATION** on page 2 of the Note, FDIC-R was granted the following right by Defendant 622:

> I agree to provide you, upon request, any financial statement or information you may deem necessary. I warrant that the financial statements and information I provide to you are or will be accurate, correct and complete.

48. Pursuant to the Paragraph entitled **DUTIES TOWARD PROPERTY** on page 2 of the Security Agreement, FDIC-R was granted the following right by Defendant 622:

> Debtor will keep the Property in good repair . . .. Debtor . . . will pay all taxes and assessments levied or assessed against the Property. Secured Party has the right of reasonable access to inspect the Property, including the right to require Debtor to assemble and make the Property available to Secured Party. . . . Debtor will prepare and keep books, records, and accounts about the Property and Debtor's business, to which Debtor will allow Secured Party reasonable access.

49. As a result of the rights granted in Paragraphs 46, 47, and 48 above, the Plaintiff is entitled to access to the books and records related to the Property and to the Property itself for the purposes of inspection and investigation, including for the purposes of appraisal and maintenance and repair examination.

50. Upon information and belief, the Property is being mismanaged by Defendants 622 and Werk, including but not limited to financial and accounting failures to keep current and accurate accounts of tenant rent collection and deterioration of the Property through failure to perform proper maintenance and repair.

51. Plaintiff requires an order authorizing it and its agents access to the books and records related to the Property and the Property itself for the purposes of inspection and investigation, including for the purposes of appraisal and maintenance and repair examination, before a foreclosure hearing may be scheduled.

**WHEREFORE**, the Plaintiff prays that:

a) The amount due under the Note and Mortgage held by the Plaintiff be ascertained, together with interest, advances, late charges, collection costs and attorney's fees, to be entered immediately as a personal judgment against Defendant 622 pursuant to S.C. Code Ann. § 29-3-650;

b) For post-judgment interest at the contract rate of 16% per annum;

c) 622 surrender the Property as pledged to satisfy in whole or in part the indebtedness of the Defendants;

d) Plaintiff's Mortgage be declared a first lien and that Plaintiff have judgment of foreclosure for the amount so found to be due and owing thereon, together with any taxes or insurance premiums and any other expenses which may be due and which may be or have been paid by Plaintiff, with attorney's fees and for the costs of this action;

e) Order the reimbursement of all costs for inspecting and securing the property incurred by the Plaintiff as a result of the delinquency;

f) Appoint a Receiver to collect the rents, issues, profits or designated sums from the mortgagor(s), and/or the grantee(s) of the mortgagor(s), and/or tenants(s) occupying or exercising control over the mortgaged premises and hold the same subject to further order of this Court;

g) The mortgaged real property which is the subject of this action be sold according to law and the practice of the Court, the equity of redemption be barred, and the proceeds of the sale be applied as follows:

    (1) To the costs and expense of this action;

(2) To the payment and discharge of the amount due under the Note and Mortgage;

(3) To the payment of attorney's fees incurred; and

(4) That any surplus monies be held subject to further Order of this Court;

h) The amount of the judgment entered in this action against Defendant 622 pursuant hereto be reduced after sale by crediting hereon the amount paid to Plaintiff from the sale and that the personal judgment against Defendants 622 remaining after sale of the mortgaged premises shall reflect the true amount then due from said Defendant to the Plaintiff;

i) Issue an order directing the U.S. Marshall or the Sheriff of Dorchester County, South Carolina, to place the successful purchaser at said foreclosure sale in possession of the Property should the same become necessary;

j) For an order authorizing the Plaintiff or its agents access to the books and records related to the Property and the Property itself for the purposes of inspection and investigation, including for the purposes of appraisal and maintenance and repair examination; and

k) For such other and further relief as this Court may deem just and proper.

**THOMERSON MACCHIAVERNA & SMITH P.C.**
7 East Congress Street, Suite 712 (31401)
P. O. Box 8472
Savannah, GA 31412-8472
T: (912) 790-7778
F: (912) 790-7797
E: francesca@tmlawpc.com

s/ Francesca Macchiaverna
Francesca Macchiaverna

District Court ID No.: 7555
Attorney for FDIC -R

February 27, 2012.